## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| COREY L. DIAMOND, | : |
| Plaintiff, | : |
| vs. | :     CA 20-0148-CG-MU |
| ALABAMA U.S., | : |
| Defendant. | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (*see* Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (*see* Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, both because Plaintiff has failed to state a § 1983 claim against the State of

Alabama and even if he could state a claim it is clear the action must be dismissed because it is indisputably time-barred, *see id*.[1]

## BRIEF BACKGROUND

On March 10, 2020, the *pro se* Plaintiff filed a form complaint for violation of civil rights wherein he seeks damages in the amount of $1,000,000.00 based on the State of Alabama "hiring" Herman Thomas as Circuit Judge of Mobile County, Alabama. (*See* Doc. 1, at 2 & 4). On the form complaint, although Diamond did not check the appropriate box indicating that he is bringing his action against state officials, he does specifically indicate that he is asserting a § 1983 claim against the State of Alabama. (*See id.* at 3).

## DISCUSSION

Given that Diamond has specifically asserted only a § 1983 claim against the State of Alabama, there is no need for this Court to liberally construe the complaint as raising any other claim. 42 U.S.C. § 1983 provides, in relevant measure, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir.

---

[1] Because Diamond has not stated a claim against the Defendant and because any action against the State would be time-barred, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (*see* Doc. 2).

2

2005), citing *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

Plaintiff does not meet the pleading requirements of Federal Rule of Civil Procedure 8 for a short and plain statement of the claim showing that he is entitled to relief. Fed.R.Civ.P. 8(a)(2). Diamond has not provided sufficient facts regarding the basis of his claim, including the nature of his claim, as he has not established that the State of Alabama "hired" Herman Thomas[2] much less identified the constitutional right that the Defendant could have violated in this regard. *See generally, Holmes, supra.* Thus, Diamond has not and, indeed, cannot state a § 1983 claim for relief against the State of Alabama. In addition, even assuming Diamond could somehow state a § 1983 claim against the State of Alabama, any such claim would be time-barred.

It is all too clear that § 1983 does not contain a statute of limitations provision, *see* 42 U.S.C. § 1983; however, relevant caselaw demonstrates that the applicable limitations period for § 1983 claims brought in Alabama, as here, is two years.

> In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that in characterizing a § 1983 claim for statute of limitation purposes, federal law was controlling; that a single statute of limitations should be selected to govern all § 1983 claims; and that because claims under § 1983 are in essence claims for personal injury, the state statute applicable to personal injury should be borrowed. *Id.* at 270, 275, 276-80, 105 S.Ct. at 1943, 1946, 1947-49. . . .

---

[2] Diamond cannot establish that the State of Alabama hired Herman Thomas because the citizens of Mobile County, Alabama elected Herman Thomas as Mobile County Circuit Judge. Moreover, although it is clear the State had nothing to do with Thomas' "hiring," this Court can take judicial notice of the State's action in disbarring Thomas from the practice of law, on or about February 22, 2010, the State Bar ruling that his conduct—in paddling jail inmates and in having improper communications with criminal defendants—violated the rules of professional conduct. Finally, the undersigned also takes judicial notice of the fact that Herman Thomas resigned his position as Mobile County Circuit Court Judge amid allegations that he paddled Mobile County Jail inmates. *See Alabama: Judge Resigns in Midst of Inquiry*, N.Y. Times, Oct. 3, 2007, at A21.

> The statutory period of limitations for plaintiff's claims pursuant to 42 U.S.C. § . . . 1983 . . . is two years. *See* Alabama Code § 6-2-38(l) ("actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years") and (n) ("actions commenced to recover damages for injury to the person . . . wherein a principal or master is sought to be held liable . . . under the doctrine of *respondeat superior* must be brought within two years").

*C & J Associates Pest Control v. McMullen,* 2007 WL 9711443, *4 (N.D. Ala. June 12, 2007); *see also McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir.) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. . . . [Plaintiff's] claim was brought in Alabama, where the governing limitations period is two years. . . . Therefore, in order to have his claim heard, [Plaintiff] was required to bring it within two years from the date the limitations period began to run."), *granting stay sub nom. Callahan v. Allen,* 552 U.S. 1171, 128 S.Ct. 1138, 169 L.Ed.2d 959 (Jan. 31, 2008), *cert. denied,* 553 U.S. 1098, 128 S.Ct. 2914, 171 L.Ed.2d 850 (June 9, 2008); *see Owens v. Okure,* 488 U.S. 235, 249-50, 109 S.Ct. 573, 574 & 580-81, 102 L.Ed.2d 594 (1989) (holding that in § 1983 suits federal courts are to borrow the "general" or "residual" statute of limitations for personal injuries provided under the law of the State where the court hearing the case sits).

"The question of when the limitations period begins to run (that is, when the cause of action has accrued), is one of federal law." *Smith v. Shorstein,* 217 Fed.Appx. 877, 881 (11th Cir. Feb. 13, 2007), citing *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir. 1996); *see also  Kelly v. Serna,* 87 F.3d 1235, 1238 & 1238-39 (11th Cir. 1996) (recognizing both that "[a] statute of limitations begins to run when the cause of action

4

accrues[]" and that "[a]ccrual of a cause of action under 42 U.S.C. § 1983 is a question of federal law."); *Cotton v. Onderdonk,* 2016 WL 7365205, *11 (S.D. Ala. Nov. 10, 2016) (recognizing that federal law governs when a statute of limitations begins to run and that this is when the cause of action accrues), *report and recommendation adopted,* 2016 WL 7366080 (S.D. Ala. Dec. 19, 2016). "The general federal rule is that a cause of action 'will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'" *Smith, supra,* 217 Fed.Appx. at 881, quoting *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003) (other citation omitted); *see McNair, supra,* 515 F.3d at 1173 ("'[T]he statute of limitations does not begin to run until the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'").

Here, Plaintiff's § 1983 claim against the State necessarily "grows" out of the misconduct of Herman Thomas during the time he served as Mobile County Circuit Judge. And since Thomas was elected to his judicial position well before he resigned in 2007, and obviously well before he was disbarred in 2010, any possible § 1983 claim Diamond can assert against the State of Alabama would be time-barred.[3] Therefore, Diamond's purported § 1983 claim against the State should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

---

[3] "Neither [Diamond's] ignorance of the law nor his pro se status [would] constitute 'extraordinary circumstances' sufficient to toll the running of the statute of limitations." *Rice v. Sixteen Unknown Federal Agents,* 658 Fed.Appx. 959, 962 (11th Cir. Aug. 30, 2016) (citations omitted).

5

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, both because Plaintiff's Complaint fails to state a § 1983 claim upon which relief may be granted (and because it would be impossible for Diamond to assert such a claim), s*ee* 28 U.S.C. § 1915(e)(2)(B)(ii), and because any imaginable § 1983 claim he could state cannot save his action because it would still be barred by the applicable statute of limitations and, therefore, subject to dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 27th day of March, 2020.

                                                                s/P. Bradley Murray
                                                               **UNITED STATES MAGISTRATE JUDGE**